46 Cal.Rptr.3d 787 (2006)
141 Cal.App.4th 1330
In re E.H., a Person Coming Under the Juvenile Court Law.
San Bernardino County Department of Children's Services, Plaintiff and Respondent,
v.
Mischelle A., Defendant and Appellant.
No. E039350.
Court of Appeal of California, Fourth District, Division Two.
July 6, 2006.
Monica Vogelmann, under appointment by the Court of Appeal, San Diego, for Defendant and Appellant.
Ronald D. Reitz, County Counsel, and Jacqueline Carey-Wilson, Deputy County Counsel, for Plaintiff and Respondent.
Janette Freeman Cochran, under appointment by the Court of Appeal, Pasadena, for Minor.

OPINION
McKINSTER, J.
Mischelle A., defendant and appellant (hereafter mother), appeals from the trial court's order under Welfare and Institutions Code section 366.26 selecting guardianship as the permanent plan for her 14-year-old daughter, E.H. The only issue in this appeal is whether the evidence supports the trial court's finding that the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) does not apply. We conclude the evidence is sufficient to support the finding and therefore will affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Resolution of the issue mother raises in this appeal does not require a detailed recitation either of the facts or of the procedural history of this case. Those details are set out in mother's opening brief. For our purposes it is sufficient to note that mother has seven children by four different fathers and has been involved *788 intermittently in the dependency process since 1991 due to numerous ongoing issues, including a history of substance abuse. This appeal is from a dependency proceeding initiated in January 2003, with respect to the six of mother's children who at that time were minors. In a previous appeal in this same dependency proceeding, mother challenged the trial court's postpermanency planning order modifying visitation. We affirmed. (In re J.G. (July 28, 2005), E037162, 2005 WL 1785059 [nonpub. opn.].)
In this appeal, mother challenges the sufficiency of the evidence to support the trial court's finding at the permanency planning hearing that the ICWA does not apply and thus ordering guardianship as the permanent plan for E.H. The facts pertinent to the ICWA issue are that the Department of Children's Services (DCS) filed a Welfare and Institutions Code section 300[1] petition with respect to E.H. and five of her siblings in January 2003. In the report for the detention hearing dated January 17, 2003, the social worker noted that the ICWA might apply because E.H.'s ancestry at that time was unknown. At the detention hearing, the trial court ordered the parents "to reveal membership in an Indian tribe." Mother was represented by an attorney at that hearing although she did not personally appear.
The social worker filed an amended petition on February 10, 2003. In the detention report on that amended petition, the social worker stated that the ICWA did not apply. The social worker repeated that statement in a subsequent report dated April 9, 2003. In a fourth addendum report prepared for the contested jurisdiction hearing, the social worker recommended that the court find that the ICWA does not apply. In the recommended orders, the social worker included a recommendation that the court direct the parents "to reveal membership in an Indian Tribe." Mother was present at the July 15, 2003, jurisdiction hearing, and through her attorney, submitted on that social worker's report. The trial court, in turn, made the requisite jurisdiction findings including the recommended orders and findings regarding the ICWA.
In a fifth addendum report dated August 19, 2003, prepared for the disposition hearing, the social worker recommended that the court find that E.H. does not come under the provisions of the ICWA and again recommended that the court order the parents to disclose their membership, if any, in an Indian tribe. At the contested disposition hearing on August 20, 2003, the trial court found that the ICWA did not apply but again ordered the parents to disclose their membership in any Indian tribe. In reports prepared for the six-month review hearing and the 12-month review hearing, the social worker again stated that the ICWA did not apply.
Mother filed a pretrial at-issue memorandum on October 1, 2004, for the contested 12-month review hearing.[2] Mother did not identify the ICWA as an issue in that filing. The trial court terminated reunification services at the 12-month review hearing, and as noted, mother appealed. The only issue mother raised in that previous appeal was visitation.
In the report prepared for the section 366.26 hearing, the social worker again stated the ICWA does not apply. Mother did not object to that report at the contested section 366.26 hearing on November 17, 2005. Nor did mother offer any evidence to refute the social worker's statement *789 that the ICWA does not apply even though mother testified at the hearing.
At the conclusion of that contested hearing, the trial court ordered guardianship as the permanent plan for E.H. Mother appeals from that order.

DISCUSSION
Mother challenges the sufficiency of the evidence to support the trial court's finding that the ICWA does not apply and further contends that the defect requires us to reverse the order establishing guardianship as the permanent plan for E.H. Mother does not contend that E.H. is an Indian child and therefore subject to the substantive provisions of the ICWA. Mother claims only that the record does not include sufficient evidence to demonstrate that the trial court and social worker complied with their respective duties to inquire into whether E.H. is an Indian child. We disagree.
We recently addressed this issue in In re S.B. (2005) 130 Cal.App.4th 1148, 30 Cal.Rptr.3d 726. There, the two boxes on the Judicial Council form dependency petition pertinent to the child's Indian status were not checked.[3] The social worker's reports for the detention hearing and the combined jurisdiction and disposition hearings both stated that the ICWA did not apply. The mother appeared at the hearings and did not object to those statements, and in fact submitted on the reports. (In re S.B., supra, at p. 1161, 30 Cal.Rptr.3d 726.)
In rejecting the mother's challenge to the sufficiency of the evidence we held, "From the affirmative representation that the ICWA did not apply, it is fairly inferable that the social worker did make the necessary inquiry." (In re S.B., supra, 130 Cal.App.4th at p. 1161, 30 Cal.Rptr.3d 726.) That inference is even stronger in this case. As previously noted, when addressing the issue initially in the detention report the social worker stated that the ICWA might apply. However, in all subsequent reports the social worker stated that the ICWA does not apply. From the fact that the social worker included a definite statement in the subsequent reports, we reasonably can infer that the social worker made the requisite inquiry and obtained the information necessary to support the statement that the ICWA does not apply to E.H. Mother submitted on each of those reports without objection, further supporting the inference that the social worker had made the requisite inquiry and determined that the ICWA does not apply.
Mother claims that under rule 1439(d) of the California Rules of Court, which went into effect on January 1, 2005, the trial court and social worker had a "heightened burden of inquiry." Rule 1439(d) states in pertinent part that the court and the county welfare department "have an affirmative and continuing duty to inquire whether a child for whom a petition under section 300 . . . has been filed[ ] is or may be an Indian child. (Cal. Rules of Court, rule 1439(d).) Rule 1439(d)(2) requires the social worker to "ask the child, if the child is old enough, and the parents or legal guardians whether the child may be an Indian child or may have Indian ancestors." (Cal. Rules of Court, rule 1439(d)(2).) Rule 1439(d)(3) requires the trial court to order a parent or guardian to complete Judicial Council form JV-130, Parental Notification of Indian Status, at the first appearance in the dependency. (Cal. Rules of Court, rule 1439(d)(3).)
Only one hearing occurred in this matter after the January 1, 2005, effective date of California Rules of Court, rule 1439(d) the contested section 366.26 selection and *790 implementation hearing which was held on November 17, 2005. The trial court was not required at that time to have mother complete Judicial Council form JV-130 since that obligation arises at the parent's first appearance in the matter and in this case that first appearance occurred in 2003, long before the effective date of rule 1439(d) of the California Rules of Court. Moreover, the record as recounted above includes the trial court's exhortation at each hearing in this matter that the parents disclose membership in any Indian tribe. That exhortation is sufficient to meet the trial court's initial and continuing duty under California Rules of Court, rule 1439(d), to inquire into E.H.'s status as an Indian child, mother's contrary claim notwithstanding. Likewise, each of the social worker's reports as noted above includes the statement that the ICWA does not apply. That statement includes the reasonable inference that the social worker inquired and thereby complied with the duty imposed under California Rules of Court, rule 1439(d).
Simply put, under the circumstances of this case, if E.H. is subject to the ICWA it was incumbent on mother to respond to the trial court's exhortations and disclose the child's Indian ancestry or to object to the social worker's reports. Mother did neither. Therefore, we reject mother's challenge to the sufficiency of the evidence to support the trial court's ICWA finding. In doing so we are compelled to note that this is the most cynical and specious ICWA claim we have encountered.

DISPOSITION
The judgment is affirmed.
We concur: HOLLENHORST, Acting P.J., and RICHLI, J.
NOTES
[1] All further statutory references are to the Welfare and Institutions Code unless indicated otherwise.
[2] In that at-issue memorandum, mother identified the contested hearing as one under section 366.26.
[3] Neither of the boxes were checked on the dependency petition in this case.